UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **FREDDY G. GONZALEZ,** § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO.** |
| § | |
| **WILMINGTON SAVINGS FUND** § | |
| **SOCIETY, FSB d/b/a CHRISTIANA** § | |
| **TRUST, not individually but as trustee** § | |
| **for Pretium Mortgage Acquisition Trust;** § | |
| **RUSHMORE LOAN MANAGEMENT** § | |
| **SERVICES, LLC as an Agent, Servant,** § | |
| **Representative of Wilmington Savings** § | |
| **Fund Society, FSB d/b/a Christiana** § | |
| **Trust, not individually but as trustee for** § | |
| **Pretium Mortgage Acquisition Trust, and** § | |
| **DEANNA SEGOVIA, Substitute Trustee** § § | |
| **Defendants.** § | |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1332, 1348, 1441, and 1446, Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ("Wilmington") and Rushmore Loan Management Services, LLC ("Rushmore"), Defendants herein, remove this action from the 36th Judicial District Court of San Patricio County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, and respectfully show the Court as follows:

## STATE COURT ACTION

1. On December 28, 2018, Freddy G. Gonzalez, Plaintiff herein, filed an Original Petition ("Petition") in 36th Judicial District Court of San Patricio County, Texas under Cause No. S-18-6183CV-A ("State Court Action"). Plaintiff claims an interest in the real property located at

101 Country Club Blvd, Portland, Texas 78374 ("Property"). Plaintiff filed the State Court Action to stop the Defendants from foreclosing on the Property based on allegations of actions amounting to common law fraud and misrepresentation. *See* Pet. § IV. Defendant Deanna Segovia has filed a Verified Denial stating the "she is not a necessary party to this suit because she reasonably believes that she was named solely in a respective capacity as under a deed of trust or appointment of substitute trustee." Ans. of Segovia p. 1.

2. This Notice of Removal is timely because 30 days have not expired since Plaintiff filed the State Court Action, making removal proper in accordance with 28 U.S.C. § 1446(b).

3. No consent is required from co-defendant Deanna Segovia because she is a nominal party that has been improperly joined. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988); *HDNet MMA 2008 v. Zuffa, LLC*, No. 3:08-CV-0442-G, 2008 WL 958067, at *3 n. 5 (N.D. Tex. Apr. 9, 2008); *Rossy v. BAC Home Loans Servicing LP*, No. 4:10-cv-444, 2010 WL 5889889, at *2 (E.D. Tex. Nov. 10, 2010); *Torres v. Trans Health Mgmt., Inc.*, 509 F. Supp. 2d 628, 630 n.1 (W.D. Tex. 2006).

## PROCEDURAL REQUIREMENTS

4. The Court has diversity jurisdiction in this matter because there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C §1332.

5. Venue in the Southern District of Texas, Corpus Christi Division is proper under 28 U.S.C. §1441(a), because this Court is the United States District Court for the district and division embracing the place where the State Court Action is pending. *See* 28 U.S.C. §124(d)(4).

6.     Simultaneously with the filing of this Notice of Removal, Defendants are filing a copy of the Notice of Removal in the 36th Judicial District Court of San Patricio County, Texas. 28 U.S.C. §1446(d).

## DIVERSITY OF CITIZENSHIP

7.     A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441. Lawsuits between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs, may be brought in federal court. *See* 28 U.S.C. § 1332. Removal is proper in this case because there is complete diversity between the Plaintiff and Defendants and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

8.     The parties in this lawsuit are completely diverse from one another, which satisfies the first prong of the test for the Court's diversity jurisdiction over the matter. 28 U.S.C. §1332(a).

9.     Plaintiff Freddy G. Gonzales is an individual and citizen of the state of Texas. *See* Pet. at p. 2.

10.    Defendant Wilmington, which is sued in its capacity as a trustee, is a federal savings bank charted under the laws of the United States.  When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980).  Christiana Trust, the trustee, is a division of Wilmington Savings Fund Society, which has its principal place of business in Delaware. Therefore, Christiana Trust is a citizen of Delaware for diversity purposes.

11.    Defendant Rushmore is a Delaware limited liability company and its sole member is Roosevelt Management Company, Inc. ("Roosevelt").  For diversity purposes, the citizenship

of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Additionally, the citizenship of a corporation, for diversity purposes, is determined by the state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Roosevelt is a corporation organized under the laws of the state of Delaware and has its principal place of business in New York. Thus, Rushmore, for diversity purposes, is a citizen of both Delaware and New York.

### B. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

12. Although Deanna Segovia ("Segovia") is believed to be a citizen of Texas, her citizenship should be disregarded for diversity purposes because Plaintiff improperly joined the alleged substitute trustee to this lawsuit. *See Larroquette v. Cardinal Health 200, Inc*., 466 F.3d 373, 376 (5th Cir. 2006); *see also Brown v. Demco, Inc*., 792 F.2d 478, 481 (5th Cir. 1986). A removing party establishes improper joinder by showing that the plaintiff cannot establish a cause of action against the non-diverse defendant under state law. *Larroquette*, 466 F.3d at 376. This requires the Court to conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id*. A "mere theoretical possibility" of recovery under state law does not suffice to preclude removal. *Badon v. RJR Nabisco, Inc*., 236 F.3d 282, 286 n.4 (5th Cir. 2000).

13. Removal is proper if there is "diversity of citizenship among the parties in interest properly joined. 'Parties in interest' do not include formal or unnecessary parties, thus a plaintiff's joinder of such parties . . . cannot prevent the removal of an action to federal court." *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536-37 (N.D. Tex. 1986) (quoting *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) (internal citations and quotation marks omitted)). "Whether a party is 'nominal' [*i.e.*, unnecessary] for removal purposes depends on 'whether, in the absence of

the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maint. & Constr., Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).

14. There are no specific allegations directed at Segovia, other than alleging that she was a Substitute Trustee. *See generally* Pet. Significantly, the Petition alleges no facts suggesting that Segovia engaged in any activities outside of her alleged role as substitute trustee.

15. "Courts routinely hold that the mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction." *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014). Significantly, the Fifth Circuit has expressly held that substitute trustees sued for actions taken to assist their clients with foreclosure proceedings are improperly joined because they enjoy immunity for actions undertaken in the scope of their representation of their clients. *See Rojas v. Wells Fargo Bank, N.A.,* 571 Fed. App'x 274, 278 (5th Cir. 2014); *Iqbal v. Bank of Am., N.A.*, 559 Fed. App'x 363, 365 (5th Cir. 2014); *see also Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 WL 2772445, at *3 (N.D. Tex. Jul. 12, 2010) (finding that plaintiff could not recover for breach of contract against improperly joined substitute trustee). This is because the Texas Property Code expressly states that a substitute trustee is not a necessary party to a lawsuit arising from foreclosure proceedings asserting claims against the substitute trustee only in their capacity as a substitute trustee. Tex. Prop. Code § 51.007(a); *Wamco XXVII, Ltd. v. Casa Grande Cotton Fin. Co.*, 314 F. Supp. 2d 655, 657–58 (N.D. Tex. 2004) (pursuant to Texas Property Code § 51.007, court dismissed defendant named solely in his capacity as substitute trustee upon finding there was no "reasonable possibility" of recovery against him under state law).

16.     Plaintiff has not alleged any specific facts that would give rise to a viable claim against Segovia.  *See* Pet.  The only allegations appear to refer to acts taken by Segovia as it relates to serving as substitute trustee for Defendant in the exercise of the power of sale.  *See* Pet. p. 2.  Furthermore, Segovia has filed a verified denial, pursuant to Tex. Prop. Code. § 51.007(a) alleging that she was added as a party by Plaintiff only due to her alleged status as substitute trustee.  *See* Ans. of Segovia p. 1.

17.     Consequently, Plaintiff does not even raise the "theoretical possibility" that any cause of action could be maintained against Seogvia. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-60 and n.8 (5th Cir. 1995) (citation omitted) (affirming denial of motion to remand, in part, on grounds that the plaintiff's complaint did not contain allegations which could support a claim against the non-diverse defendant); *see also Cantor v. Wachovia Mortgage, FSB*, 641 F. Supp. 2d 602, 611-12 (N.D. Tex. 2009) (denying remand and disregarding the citizenship of the defendant trustee upon a finding that no reasonable basis existed for plaintiff's recovery against the trustee).

18.     In light of the foregoing, no reasonable basis exists for Plaintiff's recovery against Segovia in this matter.  Therefore, Segovia has been improperly joined and its citizenship should be disregarded for removal purposes. Accordingly, this case is properly in federal court.  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (holding that where nondiverse defendant is improperly joined, case is properly in federal court).

**C. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

19.     In addition to complete diversity, the amount in controversy must exceed $75,000, exclusive of interest and costs, for the Court to exercise diversity jurisdiction over the matter. 28 U.S.C. §1332; s*ee also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

20.     Plaintiff seeks injunctive relief to enjoin Defendants from proceeding with a foreclosure sale of the Property. *See* Pet. at §A. Where injunctive relief is sought, the amount in controversy for jurisdictional purposes may be measured by the value of the object of the litigation and the right that plaintiff seeks to protect, or the extent of the injury to be prevented. *See Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d 1039, 1047 (W.D. Tex. Sept. 24, 2010) (citing *Hunt v. Washington State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977); *Seaboard Fin. Co. v. Martin*, 244 F.2d 329, 331 (5th Cir. 1957); *Burks v. Texaco*, 211 F.2d 443, 445 (5th Cir. 1954)).

21.     According to the San Patricio County Appraisal District, the 2018 Certified Value for the Property is $305,458.00. A true and correct copy of the print-out from the San Patricio County Appraisal District showing the value of the Property is attached hereto as Exhibit F and incorporated herein by reference. Consequently, the tax appraised value of the Property exceeds the $75,000 jurisdictionally required amount. *See* 28 U.S.C. §1332(a).

22.     Additionally, this Court may also consider actual damages, exemplary damages, and attorney's fees in determining the amount in controversy. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). Plaintiff seeks to recover "monetary relief of more than $200,000.00." *See* Pet. pp. 3-4.

23.     Based on the value of Plaintiff's request for injunctive relief regarding a property that has a tax value in excess of $75,000, and the fact that Plaintiff is seeking more than $200,000 in damages, it is facially apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. Therefore, and because there is complete diversity between the parties, this Court has diversity jurisdiction over this case.

## CONCLUSION

**WHEREFORE**, Defendants Normandy Capital Trust and Cohen Financial remove this

action from the 36th Judicial District Court of San Patricio County, Texas to the United States District Court for the Southern District of Texas, Corpus Christi Division, so that this Court may assume jurisdiction over this cause as provided by law.

        Respectfully Submitted,
        **MCCARTHY & HOLTHUS, LLP**

        */s/ Brandon Hakari*
        Brandon Hakari / TBN: 24107552
        Yoshie Valadez / TBN: 24091142
        Thuy Frazier / TBN: 24088129
        Carlos Hernandez Vivoni / TBN: 24096186
        1255 West 15th Street, Suite 1060
        Plano, TX  75075
        214.291.3809
        214.291.3801 (Fax)
        bhakari@mccarthyholthus.com

        **ATTORNEYS FOR DEFENDANTS**
        **WILMINGTON AND RUSHMORE**

## **CERTIFICATE OF SERVICE**

I hereby certify that I submitted the foregoing to the clerk of the United States District Court, Southern District of Texas using the electronic case filing system of the Court, and that I served all counsel of record listed below in accordance with Federal Rule of Civil Procedure 5(b)(2) on January 17, 2018.

*via CM/ECF*

**LAW OFFICE OF WILLIAM J. TINNING, P.C.**
William Tinning
720 W. Broadway Ave.
Portland, Texas 78374
Phone: 361 643-9200
Fax: 361 643-9600
**ATTORNEY FOR PLAINTIFF**
**FREDDY G GONZALEZ**


 */s/ Brandon Hakari*
BRANDON HAKARI